[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case concerned an accident which occurred in the town of Hartford on November 7, 1995. A trial to the court was held on January 9th and 14th, 1997. The court finds the following facts.
On November 7, 1995 at approximately 8:00 P.M. plaintiff Denise Walters was a pedestrian attempting to cross Farmington Avenue from its northerly side to its southerly side at a point located approximately 126 feet west of the intersection with Laurel Street. It was rainy, dark, and somewhat foggy. She was wearing a raincoat with a hood over her head. As she CT Page 509-OO approached the double yellow lines in the middle of the road she stopped in order to let several cars coming from the west
At the same time defendant Thomas H. Bowley, who was driving a truck owned by the Salvation Army, was driving west on Farmington Avenue. He had been in his extreme right-hand lane but moved to his left lane when he discovered a taxi cab which had stopped in front of him at the right-hand curb. As he approached the location where the plaintiff was standing, the mirror on the driver's side of the truck hit the plaintiff, which caused her to be thrown to the ground. As a result of the accident the plaintiff suffered a broken elbow, a laceration on her forehead and sprains and strains in her lower back.
After hearing all the evidence, the court finds that the parties were equally negligent and that their combined negligence was the proximate cause of the accident and resulting injuries. The plaintiff was negligent in that on a dark, rainy night she attempted to cross a busy public highway in the middle of the block and not on a marked crosswalk in violation of General Statutes § 14-300b. That statute provides in pertinent part: "No pedestrian shall cross a roadway between adjacent intersections at which traffic or pedestrian-control signals are in operation except within a marked CT Page 509-PP crosswalk.
On the other hand, the defendant was also negligent in that he failed to exercise due care to avoid colliding with the plaintiff in violation of general Statutes § 14-300 (d). That statute provides in pertinent part: "Not withstanding any provision of the general statutes or any regulations issued thereunder, sections . . . 14-300 . . . each operator of a vehicle shall exercise due care to avoid colliding with any pedestrian . . ." Unfortunately, the plaintiff after proceeding to cross the road, was forced to stand at or near the double yellow lines because of the traffic coming from the west. She was standing in a well-lit area for a sufficient period of time to enable the defendant to see her and thus to avoid the accident. He should have been able to see her had he used due care.
The court finds the plaintiff's damages to be as follows:
Past economic damages (Ex. 15) $13,799.49
Past non-economic damages 20,000.00
Future non-economic damages 20,000.00
$53,799.49 CT Page 509-QQ
Less 50% of plaintiff's negligence 26,899.74
$26,899.75
Judgment may enter for the plaintiff against both defendants in the amount of $26,899.75.
Allen, Judge Trial Referee